958 F.2d 369
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
L.B. STANTON, Jr., Plaintiff-Appellant,
and
Morgan Corporation, Plaintiff,
v.
TOWN OF PAWLEYS ISLAND; Ivan Hill, In his official capacity
as Pawleys Island building inspector; Cecil Tallevast, In
his personal capacity as an individual acting under color of
state law; Other Persons, in their individual capacities,
not yet ascertained nor identified; Federal Emergency
Management Agency, Defendants-Appellees.
 No. 91-1619.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 3, 1992.
Decided March 13, 1992.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. Clyde H. Hamilton, District Judge. (CA-90-945-4-15, CA-90-2804-4-15)
 Argued: Martin Baron Stanton, Columbia, S.C., for appellant.
 Theresa Hearn Potts Bailey, Assistant United States Attorney, Columbia, S.C., for appellee FEMA.
 Joseph Parker McLean, Clarke, Johnson & Peterson, P.A., Florence, S.C., for appellees Pawleys Island, Hill and Tallevast.
 On Brief: E. Bart Daniel, United States Attorney, Columbia, S.C., for appellee FEMA.
 D.S.C.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, Sitting by Designation, and K.K. HALL and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The question presented on appeal is whether the district court properly dismissed Appellant's claim against the Federal Emergency Management Agency (FEMA) for failure to state a case or controversy. As any controversy between the FEMA and Appellant has either dissipated or is unduly contingent, we affirm.
 
 
 2
 * In September 1989, Hurricane Hugo damaged L.B. Stanton, Jr.'s oceanfront beach house, which is located on Pawleys Island, South Carolina. Stanton applied for a permit from the Town of Pawleys Island (the "Town") to repair a portion of the house. The application was denied by the Town's building inspector. He determined that the Town's Flood Damage Prevention Ordinance did not authorize the proposed repair. According to Stanton, the permit was denied in part because the FEMA, the federal agency responsible for enforcing the National Flood Enforcement Act, threatened to revoke the Town's eligibility for flood insurance if the local ordinance was construed to permit such repairs.
 
 
 3
 Before obtaining review of the building inspector's decision from the Town's Zoning Board of Appeals, Stanton[1] filed an action in federal court in April 1990. He brought the action against the Town, the Town's building inspector, and the FEMA. He sought declarations (i) that the building inspector had misinterpreted the local ordinance, and (ii) that, if the ordinance was construed to permit the repairs, the FEMA could not revoke federal flood insurance eligibility for Pawleys Island. He also requested other relief, including damages under § 1983 for an uncompensated "taking" and for the denial of due process. On September 18, 1990, the district court granted the Town's motion to dismiss, deciding to abstain from the case on the basis of Burford v. Sun Oil Co., 319 U.S. 315 (1943), and Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941).
 
 
 4
 Stanton refiled the action in state court. The FEMA, however, removed the case to federal court, after which the district court issued a second order dismissing the case. The court dismissed the claims against the FEMA for failure to state a case or controversy. It then reinstated its earlier abstention ruling with respect to the remaining parties. Stanton appealed.[2]
 
 II
 
 5
 A three-part test governs whether a claimant has stated a "case or controversy" under Article III: (i) the plaintiff must show an actual or threatened injury resulting from the allegedly illegal conduct of the defendant; (ii) the injury must be traceable to the challenged conduct of the defendant; and (iii) the injury must be capable of being redressed by a favorable decision against the defendant. Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982). The Fourth Circuit has said that federal courts are "prevented from issuing opinions on abstract or hypothetical questions." Jackson v. Jackson, 857 F.2d 951, 955 n. 1 (4th Cir.1988).
 
 
 6
 Stanton has not met this threshold standard. Of the seven counts in his complaint, only counts one and two identify the FEMA as a defendant. Count two clearly does not involve the federal agency. It asks merely (i) that the Town's ordinance be invalidated because it was passed without notice and (ii) that the Town's building inspector be ordered to issue the requested building permits. Count two thus provides no basis for concluding that the FEMA caused Stanton's injury.
 
 
 7
 Nor does count one meet this jurisdictional requirement. In it, Stanton requests the district court to order the following relief against the FEMA:
 
 
 8
 (a) declar[e] that [the] FEMA is, or should get, "off the Town's back"; (b) declar[e] that the Town may interpret the Ordinance in good faith, through regular procedure, without reprisal from [the] FEMA or its personnel acting under color of Federal or State law.
 
 
 9
 Underlying this prayer for relief is Stanton's charge that the FEMA interfered with the Town building inspector's interpretation of the local ordinance in two ways: By suggesting how the ordinance should be construed, and by threatening to revoke the Town's flood insurance eligibility if the ordinance was construed in such a way as to permit Stanton's repair.
 
 
 10
 The premise for this theory of relief appears to be lacking, as the specter of FEMA "reprisal" has dissipated. On April 2, 1990, before the complaint was filed, the FEMA wrote a letter to Stanton, stating that the FEMA "would consider the interpretation [of the Town's ordinance suggested by Stanton] to be reasonable." The letter plainly states that the FEMA no longer objects to the interpretation of the ordinance that Stanton seeks.
 
 
 11
 What is more, the request that the FEMA get " 'off the Town's back' " and be precluded from revoking the Town's flood insurance is highly contingent. The request rests on two uncertainties: (i) whether the local ordinance will or will not be construed against Stanton, a matter the Town's Zoning Board has not yet resolved; and (ii) whether the FEMA, if the repair is permitted, will or will not revoke the Town's flood insurance eligibility. The district court correctly recognized the all-too-hypothetical nature of this request for relief:
 
 
 12
 this court cannot issue an opinion on the potential controversy of what [the] FEMA can or cannot do in the event that the building permit is or is not issued. It is not clear that the permit will issue, and if it does, it is not clear what action [the] FEMA would take. This is precisely the type of hypothetical situation that ... cannot be the subject of federal court jurisdiction.
 
 
 13
 "The power to declare the rights of individuals and to measure the authority of governments," the Supreme Court has said, " 'is legitimate only in the last resort, and as a necessity in the de termination of real, earnest and vital controversy.' " Valley Forge, 454 U.S. at 471 (quoting Chicago & Grand Trunk R. Co. v. Wellman, 143 U.S. 339, 345 (1892)). Stanton has not shown that the FEMA has caused (or will cause) him injury; much less that a decision against the FEMA would redress his grievance regarding the interpretation of a local zoning ordinance. The district court's decision is
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Initially, there was a second Plaintiff, the Morgan Corporation. It owned a similar beach house, which was also damaged during the hurricane. Morgan, however, has since withdrawn from the case
 
 
 [2]
 Stanton does not challenge the substance of the district court's abstention ruling except to say that the ruling rests on a false premise--that a case or controversy was not established against the FEMA. For instance, Stanton states in his brief: "The trial court erred in determining that it had no subject matter jurisdiction over the claim for declaratory judgment against FEMA. Additionally, because the trial court's decision to abstain was based upon the erroneous determination that FEMA had to be dismissed from the action the trial court's decision to abstain was erroneous." His statement of the issue presented is to the same effect. His brief, moreover, neither discusses nor mentions Burford or Pullman abstention. We thus need not address the district court's abstention decision